UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

LOVELL L. BELTON,

                Plaintiff,

    -against-

THE CITY OF NEW YORK,

                Defendant.

_____X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 1 6 2006

P.M.
TIME A.M.

MEMORANDUM
AND ORDER
06-CV-0559 (DGT)

TRAGER, United States District Judge:

Plaintiff, a homeless citizen of New York City, brings this *pro se* action alleging that

officials failed to return his "certificates of BPL" upon his release from "OBCC Correctional

facility" after his arrest for possession of marijuana. Complaint at 1, 3.[1] Plaintiff seeks "fifteen

trillion dollars." Id. at 3. The Court grants plaintiff's request to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915, but dismisses the action for the following reasons.

**Standard of Review**

The Court construes plaintiff's complaint liberally, particularly because it alleges civil

rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v.

McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court

---

[1]Plaintiff filed the instant action on January 31, 2006, his sixth action in this Court in
fourteen months. His first action, Belton v. City of New York, 04-CV-5373 (DGT), filed
December 9, 2004, was dismissed February 23, 2005 pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii)
for failure to state a claim on which relief may be granted. Plaintiff's next three complaints, one
filed on December 16, 2004 and two filed on January 20, 2005, were dismissed *sua sponte* on
February 23, 2005 for lack of subject matter jurisdiction. Belton v. Coby (Electronics), 04-CV-
5472 (DGT); Belton v. Galaxy Outerwear, 04-CV-5473 (DGT); Belton v. Inventtech, 05-CV-
323(DGT). His fifth action, Belton v. City of New York, 05-CV-2937, filed June 20, 2005 was
dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §
1915 (e)(2)(B)(ii).



shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

**Background**

Even a careful and sympathetic reading of plaintiff's inscrutable complaint fails to bring clarity to plaintiff's allegations. The Court has pieced together from various sections of plaintiff's disordered and befuddling three-page complaint, the following: plaintiff was apparently arrested on September 27, 2005, for possession of approximately "½ ounce of marijuana minus three or four pieces" after having been discovered by police officers smoking a "self rollies" cigarette with a "pinch of controlled substance." Plaintiff seems most upset about the failure of the officials at O.B.C.C. Correctional Facility (part of Rikers' Island) to return his "BPL I.D." which, to the best of the court's discernment, is a Brooklyn Public Library card. Plaintiff states that: "In proper due accord, until a vast amount of borrowed materials finally were strickened as over due. Still unreturned & assistedly due on 1/30/06, & unfinished by plaintiff as, never returned. Endangering a future- credit rate & plaintiff's BPL account." Complaint at 3.

**Discussion**

Although plaintiff does not refer to 42 U.S.C. § 1983, the Court liberally construes this action as a civil rights action. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting

under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff's complaint fails to state a claim upon which relief may be granted because the sole defendant, the City of New York, cannot be held liable for the alleged deprivation of plaintiff's rights. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not raise the inference of the existence of a custom or policy. Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). No policy or custom is alleged by plaintiff. Thus, the complaint against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

Moreover, to the extent plaintiff seeks to challenge his arrest, the court notes, without deciding, that plaintiff appears to fall short of making a false arrest claim. In order to prove false arrest, a plaintiff must show that (1) the officer intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement and did not consent to it; and (3) the confinement was not otherwise privileged. Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). A confinement is "otherwise privileged" where there was probable cause to make the arrest. Id. Further, "[c]ourts evaluating probable cause for an arrest must consider those facts available to the officer at the time of the arrest and immediately before it. . . . . Probable cause exists when there are facts and circumstances sufficient to warrant a prudent man that the [suspect] had

committed or was committing an offense." Id.; Bullock v. City of New York, No. 02 Civ. 7698, 2004 WL 445137, at * 3 (S.D.N.Y. Mar 12, 2004).

By plaintiff's own admission, he was smoking a cigarette containing marijuana and a small amount of marijuana was found in the attendant search of his possessions by the police.[2] Complaint at 2; Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996) ("Probable cause to arrest exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."). Plaintiff appears to argue that the amount of marijuana was too small for an arrest and that he should have been merely issued an appearance ticket. But, there is no minimum weight requirement for criminal possession of a controlled substance in the seventh degree; a defendant may be found guilty of the crime if he possesses any amount of a controlled substance even if the substance consists only of an unusable amount of residue. People v. Mizell, 72 N.Y.2d 651, 536 N.Y.S.2d 21, 532 N.E.2d 1249 (1988); Property Clerk, New York City Police Dept. v. Larouche, 187 A.D.2d 289, 589 N.Y.S.2d 459 (1st Dep't 1992).

**Conclusion**

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

---

[2]It is unclear from the complaint whether the charge is pending. Plaintiff states he "believes that officials of his *pending case* are involved in a murder within the last five years," Complaint at ¶ 10-a, on page 2 (emphasis added), but it is not apparent that the pending case to which he refers is the one following the instant arrest or another pending matter.

therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
DAVID G. TRAGER
United States District Judge

Dated:  Brooklyn, New York
          February 15, 2006